## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| Frank Barrios | : |
| | : |
| | : |
| | : |
| Individually, and on behalf of all others similarly situated as Class Representative, | : |
| | : |
| | : |
| Plaintiff, | : |
| | :    Case No.: 2:22-cv-2296 |
| v. | : |
| | :    CLASS AND COLLECTIVE |
| Qwik Logistics Group LLC a/k/a Qwik Logistics, Daniel Catelmo and John Yancigay | :    ACTION |
| | : |
| | : |
| Defendants. | :    JURY TRIAL REQUESTED |
| | : |
| | : |

_____

## COMPLAINT

## I.     PRELIMINARY STATEMENT

1.     Plaintiff Frank Barrios has worked as a driver and warehouse manual laborer in Defendants' business. From the beginning of his employment to present, Plaintiff has been paid a straight hourly wage regardless of the number of hours worked in a week and has frequently worked over 40 hours in a week.

2.     Although customers regularly paid Defendants gratuities for the work performed by Plaintiff and his co-workers, Defendants never disclosed to Plaintiff the amounts of these gratuities and, for a period of time, did not even give Plaintiff and his co-workers their earned tips.

3.    Plaintiff was sometimes paid less than the applicable New York State minimum wage, was not paid for "spread of hours" and was not provided with the wage notices and wage statements required by New York Labor Law (NYLL).

4.    Plaintiff, on behalf of himself and all others similarly situated, and as a class representative, brings this action against Defendants Qwik Logistics Group LLC a/k/a Qwik Logistics, Daniel Catelmo and John Yancigay (collectively "Defendants"), for Defendants' violations of the overtime provisions of the federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the minimum wage, overtime, spread of hours, gratuities and hiring and wage notice provisions of New York Labor Law Article 19 §650, *et seq.* ("NYLL"). Plaintiff seeks his earned but unpaid wages and tips, liquidated damages, statutory damages pursuant to the NYLL, and reasonable attorneys' fees, costs, and interest, as well as declaratory relief.

5.    Plaintiff brings his FLSA overtime claims individually and on behalf of other similarly situated current and former employees of Defendants under the collective action provisions of the FLSA, 29 U.S.C. § 216(b).

6.    Plaintiffs bring his NYLL claims individually and on behalf of a class of persons pursuant to Rule 23(a), 23(b)(1) and (b)(3) of the Federal Rules of Civil Procedure.

## II.    JURISDICTION AND VENUE

7.    This Court has jurisdiction pursuant to the FLSA, 29 U.S.C. § 201 et seq., 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1337.  As this action arises under Acts of Congress regulating commerce, jurisdiction over Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

8.    With respect to the state law claims, this Court has supplemental jurisdiction pursuant to

28 U.S.C. § 1367 in that the state law claims derive from a common nucleus of operative fact and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

9.    Venue is appropriate in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b), because the events giving rise to this claim occurred primarily within this judicial district.

### III.    THE PARTIES

10.   Plaintiff Frank Barrios is an adult individual and resident of the State of New York, Nassau County.  His written consent to be a party in this action is attached hereto as Exhibit A.

11.   At all times relevant to this Complaint, Plaintiff was an employee of Defendants as that term is defined by

a.   the FLSA, 29 U.S.C. § 203(e) (1), and by

b.   the NYLL § 190.

12.   At all times relevant to this Complaint, Plaintiff was an employee engaged in commerce or the production of goods for commerce, and/or was an employee in an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203 *et seq*.

13.   Upon information and belief, Defendant Qwik Logistics Group LLC is a New York Corporation and maintains corporate headquarters at 44 West Jefryn Blvd, Suite L, Deer Park, NY 11729.

14.   Upon information and belief, Defendant Daniel Catelmo is the co-owner of Qwik Logistics Group LLC and is a resident of the State of New York.

15.   At all times relevant to the Complaint, Defendant Daniel Catelmo had the power to hire and fire Defendants' employees, set Defendants' employees' wages and work schedules,

retain time and/or wage records, and otherwise control the terms and conditions of employment of Defendants' employees including Plaintiff.

16.   Upon information and belief, Defendant John Yancigay is the co-owner of Qwik Logistics Group LLC and is a resident of the State of New York.

17.   At all times relevant to the Complaint, Defendant John Yancigay had the power to hire and fire Defendants' employees, set Defendants' employees' wages and work schedules, retain time and/or wage records, and otherwise control the terms and conditions of employment of Defendants' employees including Plaintiff.

18.   At all times relevant to the Complaint, Defendant Qwik Logistics Group LLC was an employer of the Plaintiff as that term is defined by

a.   the FLSA, 29 U.S.C. § 203(d) and by

b.   NYLL § 190.

19.   At all times relevant to the Complaint, Defendant Daniel Catelmo was an employer of the Plaintiff as that term is defined by

a.   the FLSA, 29 U.S.C. § 203(d) and by

b.   NYLL § 190.

20.   At all times relevant to the Complaint, Defendant John Yancigay was an employer of the Plaintiff as that term is defined by

a.   the FLSA, 29 U.S.C. § 203(d) and by

b.   NYLL § 190.

21.   Upon information and belief, Defendants grossed more than $500,000 per year in revenue for the past five (5) calendar years and individually and collectively are an enterprise engaged in commerce.

22.    At all times relevant to the Complaint, Defendants functioned as a single integrated enterprise engaged in related activities for a common business purpose under common ownership and management.

## IV.    STATEMENT OF FACTS

23.    Defendant Qwik Logistics Group LLC is a grocery delivery service company operating across the greater New York metropolitan area and holds lucrative contracts with online, large-scale grocery delivery services.

24.    On or about August 2020, Plaintiff Frank Barrios was hired by Defendants as a delivery driver.

25.    For approximately the first six months of his employment, Plaintiff worked as a delivery driver. During this time period, his normal shift began at 1:00 p.m. and he was required to continue working, without any regular, uninterrupted break, until he completed his delivery route. Plaintiff regularly finished his route around 9 p.m. but occasionally worked after 9:00 p.m. He always worked at least 5 days per week but sometimes worked 6 days per week. Plaintiff often worked more than 40 hours in a week.

26.    After approximately 6 months, Defendants informed Plaintiff that he was promoted to a supervisor position. However, Plaintiff never received an increase in pay. Instead, Plaintiff simply assumed greater responsibilities including arriving earlier for work, preparing and distributing the route manifests and equipment for other drivers, and responding to requests for assistance, in addition to continuing to drive a delivery route himself.

27.    After his purported "promotion", Plaintiff typically began working between 12:45 p.m.- 1:00 p.m. (and around 2:00 p.m. for his last three months in this position) and was required to continue working until all other drivers had completed their routes and he had performed

additional end-of-shift duties.  Typically, he worked at least until 10:00 p.m. but often worked later and sometimes worked until around 2:00 a.m.  Plaintiff worked more than 40 hours in a week and sometimes worked 10 or more continuous hours in a single shift.

28. For example, during the week of January 31, 2022 to February 6, 2022, Plaintiff worked a total of 46 hours and 43 minutes.  On January 31, he worked 11 hours and 20 minutes; on February 2, he worked 11 hours and 22 minutes; on February 3, he worked 12 hours and 4 minutes; and on February 4, he worked 11 hours and 57 minutes.

29. On or about March 2022, Defendants reassigned Plaintiff to work in a warehouse where he performs manual labor including moving boxes and products.  In this position, Plaintiff typically works from 11:00 a.m. to 7:00 p.m., five days per week, but often works later than 7:00 p.m.  Plaintiff works more than 40 hours per week.

30. For example, during the week of April 4, 2022 to April 10, 2022, Plaintiff worked a total of 40 hours and 32 minutes.  On April 4, he worked 8 hours and 8 minutes; on April 5, he worked 8 hours and 6 minutes; on April 6, he worked 7 hours and 57 minutes; on April 7, he worked 8 hours; and on April 8, he worked 8 hours and 21 minutes.

31. For approximately the first four months of his employment, Plaintiff was paid $20 per hour regardless of the number of hours he worked in the week.  During this time period, Plaintiff received a small amount of cash tips from customers but observed that approximately 90% of Defendants' customers paid by credit card and that Defendants did not pay to Plaintiff or his co-workers gratuities received through this form of payment.

32. Subsequently, Defendants informed Plaintiff and his co-workers that their rate of pay was reduced to $13 per hour; that they would receive all gratuities received from their customers; and that if the total hourly pay, including gratuities, equaled less than $20 per

hour, Defendants would pay them the difference in order to guarantee at least $20 per hour in pay.   Defendant never provided to Plaintiff or his co-workers any written notice regarding handling of tips or gratuities and never informed Plaintiff or his co-workers that Defendants would "take a tip credit" against Plaintiff's wages.

33.     Thereafter, however, Defendants never disclosed to Plaintiff or his co-workers the amount of gratuities received through credit card or other electronic forms of payment. Plaintiff was paid $20 per hour for all hours worked regardless of the number of hours worked in a week and occasionally received an amount of pay slightly greater than $20 per hour.

34.     For example, Plaintiff was paid $1,035.32 for the week of January 31, 2022 to February 6, 2022 when he worked 46 hours and 43 minutes.

35.     When Plaintiff was re-assigned to work in Defendants' warehouse, his rate of pay was reduced to $17 per hour and there were no gratuities.

36.     For example, Plaintiff was paid $689.01 of the week of April 4, 2022 to April 10, 2022 when we worked 40 hours and 32 minutes.

37.     For approximately the first three months of Plaintiff's employment, he worked exclusively in Nassau County.

38.     For approximately the next three months, beginning around November 2020, Plaintiff worked at Defendants' lot in Floral Park, NY and made regular, daily deliveries in Queens, NY.

39.     For approximately the next 10-12 months, Plaintiff worked at Defendants' lot in Garden City, NY and continued to make regular, daily deliveries in Queens, NY.

40.     For approximately the next 3 months, Plaintiff worked at Defendants' lot in Manhattan, and made deliveries exclusively in Manhattan.

41.    During the time period of approximately November 2020 to March 2022, Plaintiff regularly performed work within New York City and was entitled to be paid at least the then applicable New York State minimum wage rate for such work.

42.    Because Defendants do not qualify and/or failed to comply with the statutory requirements for "tip credits" or "tip allowances" against Plaintiff's owed wages, Defendants failed to pay Plaintiff the required New York State minimum wage of $15 per hour for work performed in New York City from approximately November 2020 to March 2022.

43.    Defendants consistently failed to pay Plaintiff a premium rate for his overtime hours and never paid him an extra hour of pay for working more than ten (10) hours in a day.

44.    For at least the past three years, Defendants have employed scores of workers, including Plaintiff, in this manner, failing to pay them overtime and spread of hours compensation as required by law.

45.    Defendants were aware or should have been aware that applicable law required them to pay employees such as Plaintiff premium pay for all hours worked in excess of forty (40) per week.

46.    At the time that Plaintiff and other workers began working for Defendants, Defendants failed to furnish them with accurate written disclosures of their legally mandated wage rates as required by NYLL § 195(1).

47.    Defendants never thereafter furnished Plaintiff or other workers with accurate written disclosures as required by NYLL § 195(1).

48.    Defendants failed to furnish Plaintiff and other workers with accurate wage statements containing the information required by NYLL § 195(3).

49.    Upon information and belief, at all times during the period of Plaintiff's employment by

Defendants, at least 50 other individuals were simultaneously employed by Defendants in similar capacities and were subject to the same nonpayment of lawful wages in violation of Federal and State law as described in the preceding paragraphs. The duration of employment for each individual varied. Plaintiff estimates that in total at least 200 individuals were employed by Defendants in similar capacities and subject to the same pay, hiring notice and wage statement policies during the past six years.

## V.    FLSA COLLECTIVE ACTION ALLEGATIONS

50.  Plaintiff Frank Barrios bring his FLSA overtime wage claims, the First Cause of Action, as a collective action under the collective action provision of the FLSA as set forth in 29 U.S.C. § 216(b) on behalf of himself and the "FLSA Overtime Wage Collective Class" defined as:

> All current and former employees who have worked for one or more of Defendants as manual laborers, including delivery drivers and warehouse workers, within the three years prior to the filing of this case, or such earlier date as the Court may determine is equitable, and the date of final judgment in this matter.

51.  The current and former employees described above are situated similarly to Plaintiff within the meaning of FLSA, 29 U.S.C. § 216(b) and, therefore, the First Cause of Action herein may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA.

52.  This cause of action is also maintainable as a collective action pursuant to FLSA, 29 U.S.C. §216(b) because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual current and former employees which would establish incompatible standards of conduct for Defendants.

53.     The names, last known addresses and cell phone numbers of the proposed Collective

Action Class members are available from Defendants, and notice of and an opportunity to

join this lawsuit should be provided to all potential opt-in Plaintiffs both by first class mail

to their last known address and by workplace posting, as well as by other practicable means

including but not limited to text messaging, as soon as possible.

## VI.    FRCP RULE 23 CLASS ACTION ALLEGATIONS

54.     Plaintiff Frank Barrios brings his NYLL claims, the Second, Third, Fourth, Fifth, Sixth and

Seventh Causes of Action, on behalf of himself and all other similarly situated individuals

(hereinafter "the NYLL Class") under Rules 23(a), (b)(1) and (b)(3) of the Federal Rules

of Civil Procedure.  The NYLL Class is defined as follows

a.  All persons who worked for one or more of the Defendants as manual laborers,
    including delivery drivers and warehouse workers, during the Class Period, or such
    earlier date as the Court may determine is equitable.

55.     The persons in the NYLL Class identified above are so numerous that joinder of all

members is impracticable.  Although the precise number of such persons is unknown, and

facts on which the calculation of that number are presently within the sole control of

Defendants, upon information and belief, there are at least 200 members of the NYLL Class

during the six years prior to the filing of this lawsuit.  There are questions of law and fact

common to the NYLL Class which predominate over any questions affecting only

individual members.  The claims of Plaintiff are typical of the claims of the NYLL Class.

The Plaintiff will fairly and adequately protect the interests of the NYLL Class.  A class

action is superior to other available methods for the fair and efficient adjudication of the

controversy – particularly in the context of wage and hour litigation where individual

employees lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the NYLL Class as a whole.

56.   Questions of law and fact common to the collective and class action as a whole include, but are not limited to the following:

a.   Whether each of the Defendants is an employer under the FLSA and/or the NYLL;

b.   Whether Defendants unlawfully failed and continue to fail to pay required overtime compensation in violation of FLSA;

c.   Whether Defendants unlawfully failed and continue to fail to pay minimum wage, spread of hours and overtime compensation in violation of NYLL;

d.   Whether Defendants failed to provide legally required hiring notices and wage statement notices, in violation of NYLL; and

e.   Whether Defendants illegally retained tips received from their customers for Plaintiff's and Class Member's services.

## VII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Fair Labor Standards Act Overtime Wage Violations**
**On Behalf of Plaintiff Frank Barrios and the FLSA Overtime Wage Collective Class**

57.   Plaintiff Frank Barrios and any FLSA Overtime Wage Collective Class members who file individual consents to sue in this action restate, re-allege and incorporate by reference all of the preceding allegations as if fully set forth herein.

58.   Defendants willfully failed to pay Plaintiff and the FLSA Overtime Wage Collective Class members overtime compensation at rates not less than one and one-half times the regular

rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

59.    Due to Defendants' FLSA violations, Plaintiffs and the FLSA Overtime Wage Collective Class members are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216 (b).

## SECOND CAUSE OF ACTION

### New York Labor Law – Minimum Wage
### On Behalf of Plaintiff Frank Barrios and the NYLL Class

60.    Plaintiff Frank Barrios on behalf of himself and the NYLL Class restates, re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

61.    Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff at least the then applicable New York State minimum wage for each hour worked.

62.    Due to Defendants' New York Labor Law violations, Plaintiff Frank Barrios and NYLL Class members are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL §§ 198, 663, and 681.

## THIRD CAUSE OF ACTION

### New York Labor Law – Promised Rate of Pay

63.    Plaintiff Frank Barrios on behalf of himself and the NYLL Class restates, re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

64.    Defendants willfully violated Plaintiff's rights under Article 6 of NYLL by failing to pay Plaintiff at least his promised rate of pay of $20 per hour, not including gratuities, for each

12

hour worked.

65.    Due to Defendants' New York Labor Law violations, Plaintiff Frank Barrios and NYLL
Class members are entitled to recover from Defendants, jointly and severally, their unpaid
promised wages, liquidated damages, reasonable attorneys' fees, and costs of the action,
pursuant to NYLL §§ 198, 663, and 681.

### FOURTH CAUSE OF ACTION

**New York Labor Law – Overtime Wage
On Behalf of Plaintiff Frank Barrios and the NYLL Class**

66.    Plaintiff Frank Barrios on behalf of himself and the NYLL Class restates, re-alleges and
incorporates by reference all of the previous allegations as if fully set forth herein.

67.    Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime
compensation at rates not less than one and one-half times the regular rate of pay for each
hour worked in excess of forty hours in a workweek within seven (7) calendar days after
the end of the week in which the wages were earned in violation of the NYLL and its
regulations.

68.    Due to Defendants' New York Labor Law violations, Plaintiff Frank Barrios and NYLL
Class members are entitled to recover from Defendants, jointly and severally, their unpaid
overtime compensation, liquidated damages, reasonable attorneys' fees, and costs of the
action, pursuant to NYLL §§ 198, 663, and 681.

### FIFTH CAUSE OF ACTION

**New York Labor Law – Spread of Hours
On Behalf of Plaintiff Frank Barrios and the NYLL Class**

69.    Plaintiff Frank Barrios on behalf of himself and the NYLL Class restates, re-alleges and

incorporates by reference all of the previous allegations as if fully set forth herein.

70.    Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an extra hour of pay for days on which his workday spanned more than ten (10) hours or on which he worked split shifts within seven (7) calendar days after the end of the week in which the wages were earned in violation of the NYLL and its regulations.

71.    Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid spread of hours compensation, liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL §§ 198, 663, and 681.

## SIXTH CAUSE OF ACTION

### New York Labor Law – Wage Notice and Wage Statement
### On Behalf of Plaintiff Frank Barrios and the NYLL Class

72.    Plaintiff Frank Barrios on behalf of himself and the NYLL Class, restates, realleges and incorporates by reference all allegations in all preceding paragraphs.

73.    Defendants failed to supply Plaintiff a notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiff as his primary language, containing his rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

74.    Defendants failed to supply Plaintiff with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

75.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each day that Defendants failed to provide a proper notice at the time of hiring from February 26, 2015 through the present, Plaintiffs are entitled to damages of $50 per day, up to a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, as well as reasonable attorneys' fees, costs, and injunctive and declaratory relief.

76.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage statement from February 26, 2015 through the present, Plaintiffs are each entitled to damages of $250 per day, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**SEVENTH CAUSE OF ACTION**

**New York Labor Law – Illegal Tip Retention**
**On Behalf of Plaintiff Frank Barrios and the NYLL Class**

77.    Plaintiff Frank Barrios on behalf of himself and the NYLL Class, restates, realleges and incorporates by reference all allegations in all preceding paragraphs.

78.    Section 196-d of the New York State Labor Law prohibits employers from demanding,

accepting, or retaining, directly or indirectly, any part of an employee's gratuity or any charge purported to be a gratuity.

79.     A charge purported to be a gratuity, including charges advertised to be "delivery fee" to customers, must be distributed in full as gratuities to the service employees or food service workers who provided the service.

80.     NYCRR §146-2.20 provides that when tips are charged on credit cards, the employer must return to the employee the full amount of the tip charged on credit card minus the pro-rated portion of the tip taken by the credit card company.

81.     Due to Defendants' violations of NYLL § 196-d and related regulations, Plaintiff is entitled to recover from Defendants all tips, gratuities or delivery fees paid by Defendant's customer for Plaintiff's services.

## VIII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

82.     Certify this case as a class action pursuant to Fed. R. Civ. Proc. 23(b)(1) and (3);

83.     Designate this action as a collective action on behalf of the proposed Collective Class pursuant to FLSA § 216(b) and order prompt issuance of notice to all similarly situated members of the Collective Classes apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to FLSA § 216(b) and toll the statute of limitations on the claims of all "opt-in" Class Plaintiffs from the date of filing of this Complaint until the Collective Class has been provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt in as plaintiffs;

84.     Designate Plaintiff Frank Barrios as a representative of the Rule 23 Class Plaintiffs;

85.   Declare Defendants' conduct complained of herein to be in violation of Plaintiff's rights under the FLSA;

86.   Declare Defendants' conduct complained of herein to be in violation of Plaintiff's rights under NYLL;

87.   Declare that Defendants' violations of the FLSA and NYLL were willful;

88.   Order Defendants to pay to Plaintiff and Class Members all wages owed, consistent with the FLSA;

89.   Order Defendants to pay to Plaintiff and Class Members all wages and tips owed, consistent with NYLL;

90.   Award Plaintiff and Class Members liquidated damages for all wages withheld or delayed in violation of FLSA;

91.   Award Plaintiff and Class Members additional liquidated damages for all wages withheld, deducted or delayed in violation of NYLL;

92.   Award Plaintiff and Class Members statutory damages for Defendants' violations of the hiring and wage notice provisions of NYLL;

93.   Award the named Plaintiff additional appropriate compensation as incentive payment for his particular participation in this litigation benefitting other workers;

94.   Award Plaintiff reasonable attorneys' fees, costs and interest; and

95.   Award Plaintiff such other legal and equitable relief as the Court deems appropriate.

## IX. REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury as to all claims to which he is entitled.


RESPECTFULLY SUBMITTED,

/s/ Robert McCreanor

Robert McCreanor, Esq.
Law Office of Robert D. McCreanor, P.L.L.C.
245 Saw Mill River Road
Suite 106
Hawthorne, NY 10532
(845) 202 1833
rmccreanor@rdmclegal.com

**ATTORNEYS FOR THE PLAINTIFF**

Dated: April 22, 2022